SAMUEL BARBA, RESPONDENT, v. ISADORE GUNSBERG AND ESTHER GUNSBERG, APPELLANTS.

Submitted March 20, 1924—Decided July 8, 1925.

Sale of Land—Recovery of Deposit on Contract—Purchaser Extended Time For Passing Deed, But Before Extended Time Expired Communicated His Desire to Rescind—Desire Not Acceeded To—Purchaser in No Position to Demand Return of Deposit.

On appeal from the First District Court of Jersey City.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Kelsey & Ludwig.*

For the respondent, *William M. Rysdyk.*

PER CURIAM.

This appeal is from a judgment rendered against appellants by the trial judge sitting without a jury in the First District Court of Jersey City. This suit was to recover a deposit of $500 held by appellants as part of the purchase price of real estate under an agreement of sale.

After the making of the agreement delays occurred in effecting a settlement by reason of changes in the amounts of cash and mortgages to be accepted as part of the purchase-money. Finally, the 18th day of May, 1923, was fixed as the date, but on this date James S. Erwin, Esq., who was preparing the title papers, was detained in court. Barba expressed dissatisfaction over the delay and was advised by Mr. Erwin that he could either demand the return of his deposit of $500 or agree to an extension of time for closing title. Barba expressed his desire to take the title and agreed to attend at Mr. Erwin's office on May 28th, 1923, to close the matter.

Two or three days later respondent communicated to appellants a desire to rescind the contract, but this the latter refused to accede to, and informed respondent that they would be ready to pass title on the 28th as agreed. From the findings of the trial judge it appears that the appellants were ready to make conveyance on May 28th, and attended at the time and place appointed for the purpose. The respondent failed to attend, and on June 7th, a formal tender of performance being made by appellants, refused to accept the deed and declined to take the title. Thereupon the suit to recover the $500 deposit was instituted.

In this situation is it plainly apparent that the respondent was in no position to demand a return of the moneys paid on the contract. He had agreed to the extension of the time of settlement, and it was his duty to abide thereby, or, if he intended to withdraw therefrom, accord appellants a reasonable time within which to comply with the terms of the agreement. *Nissel* v. *Swinley*, 76 *N. J. L.* 288. He could not summarily rescind his contract, and, as the appellants have been in no default, it was the duty of the trial court to give judgment for the appellants on the claim for $500.

It is argued, however, by the respondent that, inasmuch as no exception was taken to the judgment of the trial court, this court cannot consider the error complained of. This was true prior to the statute of March 15th, 1916, but by that act, "where causes are submitted to the court to be heard without a jury, any error made by the court in giving final judgment in the cause shall be subject to change, modification or reversal [on appeal] without the grounds of objection having been specifically submitted to the court." This act applies to District Court proceedings. *Smith* v. *Cruse*, 3 *N. J. Adv. R.* 619.

The judgment is reversed.